IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARZANDRA JONES, | § | |
| Plaintiff, | § | |
| | § | CIV. ACTION NO. 4:18-cv-00940 |
| v. | § | |
| | § | |
| UNITED STATES DEPARTMENT | § | JURY DEMANDED |
| OF THE ARMY, | § | |
| Defendant, | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Arzandra Jones, files this complaint against the defendants, the United States Army, and alleges as follows:

### A. PARTIES

1. Plaintiff Arzandra Jones ("Jones") is an individual and a Texas resident.

2. Defendant United States Department of the Army ("the Army") is an agency of the United States of America. It may be served by serving the United States through delivering a copy of the summons and of the complaint to the United States Attorney for the Southern District of Texas and by sending a copy of the summons and of the complaint by certified mail to the Attorney General of the United States and to the defendant.

### B. JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1346(b) because the suit involves a claim against the United States for personal injury and property damage caused by the negligent act of a government employee while acting within the scope of her employment.

### C. VENUE

4. Venue is proper in this district under 28 U.S.C. § 1402(b) because the act complained of occurred in this district.

### D. CONDITIONS PRECEDENT

5. Plaintiff timely presented her claim in writing to the Department of the Army. See Exhibit A. This suit is filed within six months after the agency's final written notice of its denial of the claim.

### E. FACTS

6. This lawsuit results from a collision that occurred on April 28, 2016 at approximately 2:52 p.m. in the 2100 block of West Davis Street, Conroe, Montgomery County, Texas. Plaintiff was reasonably and prudently driving her 2010 Ford Flex eastbound in the left lane when United States Army Sergeant Renee Alette Vanessa Latham suddenly and violently struck her vehicle.

7. Sgt. Latham was exiting a private drive northbound in a 2014 Ford Taurus. After the collision, Sgt. Latham state that two vehicles allowed her out of the private drive but that she did not see the Plaintiff, who was travelling in the third lane.

8. Sgt. Latham was wearing her Army uniform and was departing from an Army recruiting center in the middle of the afternoon and, upon information and belief, she was on duty and operating the vehicle within the course and scope of her employment at the time she negligently collided with the Plaintiff.

9. As a result of this collision, Plaintiff suffered property damages and severe bodily injuries.

### F. NEGLIGENCE

10. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

11. At the time of the collision, Sgt. Latham, acting within the course and scope of her employment with the Army, operated the vehicle negligently. Sgt. Latham owed a duty to the Plaintiff to exercise ordinary care and to operate the vehicle reasonably and prudently. Sgt. Latham breached that duty in one or more of the following ways.

    a.    Failing to timely apply her brakes

    b.    Failing to maintain a proper lookout.

    c.    Failing to yield the right-of-way

    d.    Violating TEX. TRANS. CODE § 545.155, which states, "An operator about to enter or cross a highway from an alley, building, or private road or driveway shall yield the right-of-way to a vehicle approaching on the highway to be entered."

### G. FEDERAL TORT CLAIMS ACT

12. This act by Sgt. Latham was negligent. Specifically, Sgt. Latham was an employee of the defendant and was acting in the course and scope of her office or employment and had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. Under the laws of the State of Texas, a private person would be liable to the Plaintiff for this act. Under 28 U.S.C. § 2674, the United States is liable to the Plaintiff for her damages resulting from the personal injury and damage to property described below.

### H. DAMAGES

13. As a direct and proximate result of Sgt. Latham's negligence, the Plaintiff suffered the following injuries and damages:

    a.    Medical expenses in the past and future

    b.    Physical Pain, Mental anguish and/or emotional distress in the past and future

    c.    Lost earnings in the past and future

    d.    Loss of earning capacity in the past and future

    e.    Property damage

    f.    Disfigurement in the past and future

    g.    Physical Impairment in the past and future

    h.    Property damage

### I. JURY DEMAND

14. Plaintiff demands a jury trial pursuant to the Seventh Amendment to the United States Constitution.

### J. PRAYER

15. For these reasons, plaintiff asks for judgment against the defendants for the following:

    a.    Actual damages of $2,000,000.

    b.    Prejudgment and postjudgment interest.

    c.    Costs of suit.

    d.    All other relief the Court deems appropriate.

Respectfully submitted,

**LAW OFFICES OF REGINALD E. MCKAMIE, SR., P.C.**

_____
Reginald E. McKamie, Sr.
TBN: 13686750
SDTX: 8303
1900 West Gray, Unit 131558
Houston, Texas 77219
Telephone:  (713) 465-2889
Facsimile:  (713) 465-2894
reginaldmckamie@gmail.com
Attorney for Plaintiffs:
**ARZANDRA JONES**